NO. 07-07-0124-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 3, 2007
_____

IN THE INTEREST OF M.E.R. AND Z.C.R., CHILDREN
_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. 8901A24508; HONORABLE ROBERT W. KINKAID, JR., JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Paul McDaniel, father of M.E.R. and Z.C.R., filed notice of appeal from an order confirming a child support arrearage. The trial court clerk's record was filed in this Court on June 7, 2007. A reporter's record was never filed. By letter of June 21, 2007, this Court directed McDaniel to certify by July 2, 2007, that he had requested and made satisfactory payment arrangements for the reporter's record. The letter contained notice that failure to comply might result in the Court setting the deadline for his brief. Tex. R. App. P. 37.3(c). McDaniel made no response. By letter of July 19, 2007, this Court notified McDaniel that his appellate brief was due August 23, 2007. On July 23, 2007, this Court received a letter from McDaniel, briefly arguing why he should be excused from paying the

child support arrearage confirmed by the trial court. By letter of July 30, 2007, this Court notified McDaniel that his letter, if intended as an appellate brief, did not comply with the rules of appellate procedure, and reminded him that his brief was due August 23. Tex. R. App. P. 38.1. A copy of Rule 38.1 was included in this correspondence. McDaniel filed no additional documents. By letter of September 10, 2007, this Court notified him that his appeal was subject to dismissal for want of prosecution unless his brief was filed, along with a motion for extension of time, by September 20, 2007. Again, McDaniel made no response.

An appellate court may dismiss an appeal for want of prosecution if an appellant fails to timely file a brief unless the appellant reasonably explains the failure and the appellee is not significantly injured by the failure. Tex. R. App. P. 38.1(a)(1). On its own motion, with ten days notice to the parties, an appellate court may dismiss an appeal for want of prosecution or failure to comply with a notice from the clerk requiring a response or other action within a specified time. Tex. R. App. P. 42.3(b),(c). Here the record reveals appellant McDaniel has not timely filed a brief and has given us no reason for his failure to do so, despite notice requiring its filing by a specified date. We further find the Court has given the parties the required ten days notice.

Accordingly, we now dismiss McDaniel's appeal for want of prosecution and failure to comply with a directive of the Court. *See* Tex. R. App. P. 38.8(a)(1); 42.3(b),(c).


James T. Campbell
Justice


2